UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sheree Renee Breedlove,  Case No. 20-cv-916 (DWF/TNL)

    Plaintiff,

v.  **ORDER**

Consolidated Vision Group, Inc., d/b/a
America's Best Contacts & Eyeglasses,
National Vision, Inc., and L. Reade Fahs,

    Defendants.

---

Sheree Renee Breedlove, 1314 44th Avenue North, Apartment 521, Minneapolis, MN 55412 (pro se Plaintiff); and

Brent D. Kettelkamp and Cynthia A. Bremer, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (for Defendants).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant National Vision, Inc.'s Motion to Compel Discovery. (ECF No. 23.) A hearing was held on December 21, 2020. (ECF No. 31.) Sheree Renee Breedlove appeared pro se. Brent D. Kettelkamp appeared on behalf of Defendant National Vision, Inc.

By way of brief background, Plaintiff filed this employment discrimination suit against Defendants in state district court in Hennepin County, Minnesota in March of 2020. (Compl., ECF No. 1-1.) Defendants removed the case to federal court on April 10, 2020. (ECF No. 1.)

Defendant filed the present motion, alleging that Plaintiff has failed to serve her

1

Initial Disclosures or respond to *any* of the written discovery requests Defendant has made. (*See generally* Def.'s Mem. in Supp. of Its Mot. to Compel Discovery ("Def.'s Mem. in Supp."), ECF No. 24.) Plaintiff's Initial Disclosures were due on July 1, 2020. (Pretrial Scheduling Order at 1, ECF No. 13.) Defendant detailed its efforts to work with Plaintiff on this deadline, including agreeing to extensions, as well as good faith attempts to meet and confer with Plaintiff in order to facilitate her service of the Initial Disclosures. (Def.'s Mem. in Supp. at 2-3; *see also* Decl. of Brent D. Kettelkamp ("Kettelkamp Decl."), ECF No. 25.)

Defendant also alleges that Plaintiff has not responded to the following written discovery requests:

- Interrogatories and Requests for Production of Documents, served on Plaintiff on August 27, 2020, and provided to Plaintiff via email on August 28, 2020 (Def.'s Mem. in Supp. at 3; *see also* Exs. H & I to Kettelkamp Decl.); and

- Requests for Authorizations, served on Plaintiff on September 1, 2020. (Def.'s Mem. in Supp. at 3; *see also* Ex. J to Kettelkamp Decl.)

These written discovery requests were due on or about September 28, 2020. (Def.'s Mem. in Supp. at 3.) Defendant detailed the steps it took, including good faith attempts to meet and confer with Plaintiff, to facilitate responses to its written discovery requests. (*Id.* at 3-4; *see also* Kettelkamp Decl.) Defendant now brings the present Motion to Compel. Defendant requests the Court order Plaintiff to provide her Initial Disclosures, respond to the written discovery requests, and execute the relevant authorizations within seven days. (Def.'s Mem. in Supp. at 5.) Defendant also moves for reasonable attorney fees. (*Id.* at 5-

6.) Plaintiff filed no opposition to the motion.

During the hearing, Plaintiff confirmed her contact information, including her email address, phone number, and address. Defendant confirmed its email and phone number. Plaintiff technically did not oppose Defendant's motion. Instead, she stated she was having trouble with the Court's electronic filing system, noted general difficulties with responding to the requests, and lodged general disagreements with responding to some of the requests.

At the conclusion of the hearing, however, Plaintiff reaffirmed her commitment to answering Defendant's discovery requests and stated she would do so on or before January 8, 2021. Moreover, even without Plaintiff's agreement, the Court finds the record supports granting Defendant's Motion to Compel, except for Defendant's request for attorneys' fees and costs. Thus, given the record before the Court, Plaintiff's lack of objection to the motion, and her agreement to answer the requests, the Court will grant Defendant's Motion to Compel to the extent it requires Plaintiff to serve her Initial Disclosures and respond to Defendant's Interrogatories, Requests for Production, and Requests for Authorization. The Court will deny Defendant's motion to the extent it asks for attorney fees based on the record before the Court.

Lastly, the Court must emphasize to Plaintiff, as it stated in a previous Order, she "must still comply with all applicable rules, laws, and the like in this case" notwithstanding her pro se status. (ECF No. 20 at 2); *see also Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). The Court further reiterated at the hearing that neither it nor Defendants are responsible for litigating this case on Plaintiff's behalf. So, while the Court denies

3

Defendant's current request for attorney fees, Plaintiff is on notice that further lack of response or failure to litigate this matter could subject her to sanctions, including but not limited to monetary sanctions and/or dismissal of this case. *See, e.g.*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant National Vision, Inc.'s Motion to Compel Discovery (ECF No. 23) is **GRANTED IN PART** and **DENIED IN PART** as specifically outlined herein.

2. Plaintiff shall serve her Initial Disclosures and respond to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Authorizations no later than **February 1, 2021**.

3. Each party shall bear their own attorney fees and expenses.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: January  25 , 2021          *s/Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *Breedlove v. Consol. Vision Grp., Inc., et al.*
                                   Case No. 20-cv-916 (DWF/TNL)