UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Sheree Renee Breedlove, | Case No. 20-cv-916 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Consolidated Vision Group, Inc., d/b/a America's Best Contacts & Eyeglasses, National Vision, Inc., and L. Reade Fahs, | |
| Defendants. | |

---

Sheree Renee Breedlove, 1314 44th Avenue North, Apartment 521, Minneapolis, MN 55412 (pro se Plaintiff); and

Brent D. Kettelkamp and Cynthia A. Bremer, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (for Defendants).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant National Vision, Inc.'s (hereinafter "Defendant") Motion to Compel Discovery and Extend its Discovery Deadlines (ECF No. 33). For the reasons set forth below, the Court grants this motion in part and denies this motion in part.

### I. BACKGROUND

Plaintiff filed this employment discrimination suit in state district court in Hennepin County, Minnesota in March of 2020. (Compl., ECF No. 1-1.) Defendant removed the case to federal court on April 10, 2020. (ECF No. 1.)

Since that time, despite its best efforts, Defendant has been unable to obtain almost

1

any discovery from Plaintiff. This is the second motion to compel that Defendant has brought seeking fundamental discovery in this matter.

**A. Defendant's First Motion to Compel, the Hearing, and Order**

When Defendant filed its first motion to compel in December of 2020 (ECF No. 22), it alleged that Plaintiff had failed to serve her Initial Disclosures or respond to *any* of the written discovery requests Defendant had made. (*See generally* ECF No. 24.)

The Court held a hearing on this motion on December 21, 2020. (ECF No. 31.) During the hearing, Plaintiff confirmed she would reply to Defendant's discovery requests no later than January 8, 2021. (*See* Jan. 26, 2021 Order (hereinafter "Prior Order") at 3, ECF No. 32.) The Court ordered Plaintiff to serve her Initial Disclosures and to respond to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Authorizations no later than February 1, 2021. (*Id.* at 4.)

In its Order, the Court further memorialized the hearing, stating in relevant part:

> Plaintiff technically did not oppose Defendant's motion. Instead, she stated she was having trouble with the Court's electronic filing system, noted general difficulties with responding to the requests, and lodged general disagreements with responding to some of the requests.
>
> At the conclusion of the hearing, however, Plaintiff reaffirmed her commitment to answering Defendant's discovery requests and stated she would do so on or before January 8, 2021.[1]

(Prior Order at 3.) Plaintiff was also formally reminded, for the second time, of her obligation to follow applicable rules and law notwithstanding her status as a pro se litigant.

---

[1] This included her Initial Disclosures; responses to the Interrogatories and Requests for Production of Documents served on Plaintiff on August 27, 2020, and subsequently provided to Plaintiff via email on August 28, 2020; and Requests for Authorizations, served on Plaintiff on September 1, 2020. (*See id.* at 2.)

(*Id.*; *see also* ECF No. 20 at 2.) Finally, both during the hearing and in its Order, the Court emphasized that "neither it nor Defendants are responsible for litigating this case on Plaintiff's behalf." (Prior Order at 3.) The Court cautioned Plaintiff that "further lack of response" or failure to litigate her case "could subject her to sanctions, including but not limited to monetary sanctions and/or dismissal of this case." (*Id.* at 4.)

Plaintiff did serve certain discovery responses on January 8, 2021. (*See* Exs. E & F to Kettelkamp Decl., ECF No. 36-1 at 33-62.) Defendant found these responses to be "wholly deficient for several reasons." (Def.'s Mem. in Supp. at 1, ECF No. 35.)

**B. Plaintiff's January 8, 2021 Discovery Reponses to Defendant**

The Court has reviewed the single set of documents that Plaintiff sent Defense counsel on January 8, 2021. (*See* Ex. F to Kettelkamp Decl., ECF No. 36-1 at 35-62.)[2] These documents are disorganized and do not appear to include an Initial Disclosure. (*Id.*) Plaintiff titles the first page "Response To Requests For Production 01/08/21." (*Id.* at 36.) This purported response to Defendant's Requests for Production is two pages and includes mostly short, single-lined entries. (*See id.* at 36-37.) The Authorizations to Release Employment Information and to Release Medical Information, altered by Plaintiff's handwriting, follow the purported responses to Defendant's requests for production. (*See id.* at 38-41.) There are also scattershot documents including:

- a request for a copy of a tax return; (*id.* at 42)
- what appears to be miscellaneous records;[3] (*id.* at 43-46; 50-51; 60-61)

---

[2] Unless otherwise noted, the Court uses the ECF pagination when citing to this exhibit.
[3] The Court has done its best to identify the poorly labeled documents.

3

- a pay statement and pay history for Plaintiff from National Vision Inc.; (*id.* at 47-48)

- a work schedule report for Plaintiff from September 2018; (*id.* at 49)

- a position description for a Sales Associate at America's Best Contacts & Eyeglasses; (*id.* at 52)

- a letter from the Social Security Administration to Plaintiff stating she is entitled to retirement benefits; (*id.* at 53-54)[4]

- what appears to be a log of handwritten grievances; (*id.* at 55)[5]

- pages from National Vision Inc.'s Code of Conduct; (*id.* at 56-59) and

- miscellaneous handwritten notes (*id.* at 62.)

## II. ANALYSIS

Defendant now asks this Court to compel Plaintiff to produce "responsive" Initial Disclosures, responses to written discovery requests, and to sign Defendant's employment and medical authorizations. (ECF No. 33 at 1.) Defendant further requests the Court amend the Pretrial Scheduling Order to allow for further time for discovery. (*Id.* at 2-3.) Plaintiff did not respond to Defendant's motion. The Court discusses each request in turn.

**A. Motion to Compel**

Defendant asserts that Plaintiff has still failed to provide Initial Disclosures, has not properly responded to Interrogatories, and has not fully responded to its Requests for Production of Documents, arguing that "many of her responses are incomplete, deficient,

---

[4] Plaintiff labeled this "Exhibit A."
[5] Plaintiff labeled this "Exhibit B."

and/or entirely absent." (Def.'s Mem. in Supp. at 1-2.) Defendant further argues that Plaintiff has improperly revised authorizations such that Defendant cannot obtain necessary information. (*Id.* at 2.)

Prior to filing this motion, Defense counsel contacted Plaintiff to secure responses prior to the February 1, 2021 deadline set forth in the Court's Prior Order.[6] (*See* Kettelkamp Decl. ¶¶ 3-4, ECF No. 36.) Plaintiff responded on January 26, 2021, and the parties participated in a meet and confer regarding discovery issues on January 27, 2021. (Kettelkamp Decl. ¶ 6.) According to Defense counsel, "Plaintiff claimed that she had properly responded to [Defendant's] Written Discovery Requests." (*Id.*) The Court disagrees. Plaintiff has failed to comply both with her verbal agreement and with the Court's January 26, 2021 Order.

### 1. Initial Disclosures

Defendant states that they have yet to receive Initial Disclosures from Plaintiff. (Def.'s Mem. in Supp. at 3-4.) The Court agrees.

At the beginning of an action, all parties must tender initial disclosures, which are independent from responses to specific discovery requests. *See* Fed. R. Civ. P. 26(a)(1)(A). This includes information on "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims . . . unless the use would be solely for impeachment;" copies of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may

---

[6] February 1, 2021 was also the deadline to file non-dispositive motions relating to discovery set forth in the Pretrial Scheduling Order. (*See* ECF No. 13 ¶ 4(d).)

use to support its claims . . . unless the use would be solely for impeachment;" and "a computation of each category of damages claimed . . . including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii). The Court has thoroughly reviewed Plaintiff's filings, *see supra* Section I(B), and finds that Plaintiff has not produced an Initial Disclosure to Defendant, in violation of Federal Rule of Civil Procedure 26(a)(1)(A) and this Court's January 26, 2021 Order.

### 2. Interrogatories and Requests for Production

Defendant next states that Plaintiff did not respond to its Interrogatories, failed to respond properly to Defendant's Request for Production of Documents, and did not produce exhibits she cited to in the documents she tendered to Defendant on January 8, 2021. (Def.'s Mem. in Supp. at 4-7.) The Court again agrees.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). A party may also "serve on any other party a request within the scope of Rule 26(b)" for the production of documents. Fed. R. Civ. P. 34(a)(1)(A). Pursuant to Rule 34, a party must "also make available for inspection and copying the documents . . . on which each [damages] computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Looking to Rule 26(b) for further guidance on the scope of interrogatories and requests for production, "[p]arties may obtain discovery regarding any nonprivileged

6

matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *see also Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage.").

As an initial matter, Plaintiff did not timely respond or properly object to any of Defendant's discovery requests, and thus any objection has been waived. *See* Fed. R. Civ. P. 33(b)(4); *see also Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (noting that Rule 33(b)(4) waiver is implied to all rules involving the various discovery mechanisms). Further, at the hearing on Defendant's first motion to compel, Plaintiff made no formal objection to *the same set of discovery requests*. (*See* Prior Order at 3.) Plaintiff's general disagreements with certain requests and reluctance to turn over certain information (*see id.*) were not legally sound then and do not now provide a valid basis for a lack of response. *Cf. Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, No. 12-cv-2692 (JRT/LIB), 2014 WL 12610146, at *7 (D. Minn. May 23, 2014) (A party objecting to a discovery request "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory or request for production is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)).

A review of the documents tendered by Plaintiff to Defendant on January 8, 2021 shows that her responses are deficient. (*See* ECF No. 36-1 at 35-62.) The Court agrees

with Defendant's briefing that none of these documents could be construed as a response to Defendant's Interrogatories. (*See* Def.'s Mem. in Supp. at 5; Kettelkamp Decl. ¶ 12.)

Plaintiff likewise has not properly responded to Defendant's Request for Production of Documents. Most of Plaintiff's responses contain less than a sentence, contain improper responses, or are nonresponsive. (*See* ECF No. 36-1 at 36-37.) Further review of the documents Plaintiff served on Defendant shows that she did not attach Exhibits C-E, which she cites to in her responses. (*See id.* at 38-62.)

In sum, Plaintiff failed to respond or object properly to Defendant's discovery requests, and she has utterly failed to meet her burden to show why she cannot respond to Defendant's Interrogatories or Requests for Production of Documents. *See St. Paul Reinsurance Co., Ltd.*, 198 F.R.D. at 511 ("The party resisting production bears the burden of establishing lack of relevancy or undue burden.") (citations omitted).

### 3. Authorizations

Defendant also points out that while Plaintiff "signed the attached authorizations, she included various improper qualifications and notations, which prevent [Defendant] from obtaining the necessary discovery regarding Plaintiff's claims in this lawsuit." (Def.'s Mem. in Supp. at 7.) Each of these authorizations is discussed below.

#### a. Authorizations to Release Employment Records

The Court finds that Plaintiff made inappropriate notations on her authorizations to release employment records. (*See, e.g.*, ECF No. 36-1 at 38 (crossing out a paragraph of what information may be released from an employer and writing "[t]hey can only speak about my stress that I endured while working at America's Best Contact & Eyeglasses.").)

8

As discussed in the previous sections, *see supra* at Section II(A)(1)-(2), Plaintiff must make available documents on which her damages are based. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *see also* Fed. R. Civ. P. 34(a)(1)(A). As this is an employment discrimination lawsuit, Defendant is entitled to review Plaintiff's employment records following the termination of her employment with America's Best Contact & Eyeglasses because it is relevant to the mitigation of damages. *See Hendrickson v. Con-Way Freight*, No. 13-cv-2354 (JRT/LIB), 2014 WL 12770229, at *4 (D. Minn. Apr. 28, 2014) (collecting cases and stating that this District's Magistrate Judges "have repeatedly held that defendants in various employment discrimination cases are entitled to discover records related to the plaintiff's compensation and benefits from employment *after* his or her termination by the Defendant." (emphasis in original)). Plaintiff stated in documents attached to her Complaint that she was terminated from her employment with Defendant sometime in June 2019. (*See* Compl. [7] at 12 (stating she was terminated from employment on June 16, 2019), 48 (stating she was terminated on June 18, 2019).) Thus, the Court will order Plaintiff to authorize the release of her employment records after June 18, 2019, without redaction, modification, or limitation.

### b. Authorizations to Release Medical Records

In addition to seeking authorization to review employment records, Defendant has argued that it is entitled to review Plaintiff's medical records because she has placed her physical and emotional health in controversy and because she has alleged discrimination

---

[7] Unless otherwise noted, the Court uses the ECF pagination when citing to this document.

on the basis of a disability. (Def.'s Mem. in Supp. at 7.) While the Court agrees that Defendant should have some access to Plaintiff's medical records, it finds that Defendant's request is too broad.

The authorization form served on Plaintiff calls for the "release of any and all information" of "any medical records or records of . . . condition or treatment" for medical records "prepared prior to the date of this authorization and records prepared after the date of this authorization during the pendency of this proceeding." (ECF No. 36-1 at 39.) Plaintiff made numerous notations on these authorizations. (*See, e.g.*, *id.* at 40 (crossing out a paragraph of what information may be released from a healthcare provider and writing the provider may "only speak about the stress that I endured while working for America's Best Contact & Eyeglasses.").) On a different authorization, Plaintiff crossed out a paragraph, wrote that the healthcare provider could only speak about the same topic, and also wrote, "Please send a list of questions for me to authorize the questions to my providers. I don't see the need for you to access my medical records." (*Id.* at 39 (also writing, "I am not granting permission for release of my medical records, unless you send me questions that I can submit to my providers if deemed appropriate.").)

The Court must balance Plaintiff's privacy interest in her medical records with Defendant's interest in defending against the claims Plaintiff has made against it. While relevance is construed broadly in the discovery stage, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *see Haddley v.*

*Next Chapter Tech., Inc.*, No. 16-cv-1960 (DWF/LIB), 2018 WL 2180253, at *3 (D. Minn. Mar. 23, 2018) ("[T]he scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation."). Further, "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted); *see* Fed. R. Civ. P. 26(b)(1).

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment). "[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case." *Vallejo*, 903 F.3d at 742 (quotation omitted). Considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Vallejo*, 903 F.3d at 742-43.

There can be no question that Plaintiff's health is relevant to this case. In her Complaint, Plaintiff alleges that she was discriminated against in part due to a disability. (Compl. at 4; *see also id.* at 12 (writing on an EEOC Charge of Discrimination that she

11

was "discriminated against on the basis of . . . disability in violation of . . . Title I of the Americans with Disabilities Act" and checking a box indicating that she was discriminated against based on disability).) A review of the record, however, shows that she has never stated what this disability is. Plaintiff's Complaint and the attached exhibits never specify how she is disabled. (*See id.*; *see also id.* at 19 (stating "I am a . . . Women [sic] with disabilities" without further explanation); 20 (stating she told a human resources representative in a meeting that she was disabled, without further clarification); 23 (stating, "I know I was abused due to race, age and or [sic], disability" without further comment).)

Nor do Plaintiff's discovery responses describe her alleged disability. As discussed above, *see supra* at Section II(A)(2), Plaintiff did not respond to Defendant's Interrogatories. Plaintiff's responses to Defendant's Requests for Production likewise fail to clarify this issue. Request for Production 7 requests Plaintiff produce "All documents relating to, referencing, identifying, mentioning, and/or concerning in any way your allegations that you have a disability." (Ex. B. to Kettelkamp Decl. at 2, ECF No. 36-1.) Plaintiff responded, "Exhibit A enclosed." (ECF No. 36-1 at 36.) This Exhibit is a two-page letter from the Social Security Administration stating that Plaintiff is "no longer entitled to disability benefits because you have reached full retirement age." (*Id.* at 53-54.) It does not identify her disability. Similarly, Defendant's Request for Production 8 requests Plaintiff produce "All documents relating to, referencing, identifying, mentioning, and/or concerning in any way your allegations that Defendant failed to accommodate your claimed disability, including any accommodations that you actually received from Defendant." (Ex. B. to Kettelkamp Decl. at 2.) Plaintiff responded, "No accommodation

12

wanting to take notes and they refused." (ECF No. 36-1 at 36.)

If Plaintiff had specified her disability, formally objected to the Interrogatories or Requests for Production, or stated any specific harm she would suffer from producing certain medical records, the Court could then assess proportionality on that basis. As it stands, Plaintiff has neither asserted privilege nor argued that the records are irrelevant, instead only stating "I don't see the need for you to access my medical records" and "I am not granting permission for release of my medical records, unless you send me questions that I can submit to my providers if deemed appropriate." (*Id.* at 39-40.) Thus, the Court must balance Defendant's legitimate interest in defending against Plaintiff's claim of discrimination on the basis of disability with Plaintiff's incomplete responses and informal and general objections which were handwritten on the authorizations.

"The requirement that discovery requests be appropriately tailored reflects the need to balance the right of the individual to privacy in his or her medical records, with the right of the defendant to a fair trial." *Kersten v. Old Dominion Freight Line, Inc.*, No. 11-cv-1036 (DSD/JSM), 2011 WL 5373777, at *3 (D. Minn. Nov. 1, 2011) (citation omitted); *see also John Doe I v. Mulcahy, Inc.*, No. 08-cv-306 (DWF/SRN), 2008 WL 4572515, at *3 (D. Minn. Oct. 14, 2008) ("Plaintiffs ask the Court for blanket protection. In contrast, Defendants seek unfettered access. The liberal discovery rules and notice pleading requirements do not require either extreme . . . . Instead, a balanced approach is needed.") (citation omitted). When a Plaintiff has alleged that they are suffering from a disability, discovery on the diagnosis and treatment of that disability is appropriate. *See Holter v. Wells Fargo and Co.*, 281 F.R.D. 340, 342-43 (D. Minn. 2011) (ordering Plaintiff to

respond to requests for discovery and sign medical authorizations for a relevant time period because "defendant is entitled to discover information . . . bearing on the diagnosis or treatment" of the disability).

Given the unique circumstances of this case, the Court will grant only in part Defendant's request that Plaintiff sign authorizations for the release of her medical records. Balancing the parties' interests, the Court determines that while Defendant is entitled to relevant medical information, it is not entitled to a lifetime's worth of records. Plaintiff shall therefore only be ordered to authorize records for the medical providers she has seen since June of 2014, five years before she was terminated from employment with Defendant, through the present.[8]

### 4. Conclusion

The Court has previously emphasized to Plaintiff her obligation to follow rules, laws, and Orders of the Court. (*See* ECF No. 20 at 2; Prior Order at 3.) "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). This is the third and final time that the Court will instruct Plaintiff that her pro se status does not relieve her of her obligation to comply with court orders and the Federal Rules of Civil Procedure. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Burgs v. Sissel*, 745 F.2d 526,

---

[8] Because the Court finds that this medical information is relevant to Plaintiff's claims of disability discrimination and Defendant's defense of those claims, it need not and therefore declines to address whether such records are discoverable in connection with a claim of emotional distress. *See Mulcahy, Inc.*, 2008 WL 4572515, at *4 (discussing this District's split on this issue).

528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

Plaintiff has had months to respond to these discovery requests and has not done so despite Defendant's best efforts and an Order from this Court. This must be corrected. Plaintiff must serve Defendant her Initial Disclosures (including a computation of each category of damages claimed), respond to Defendant's Interrogatories, and supplement her wholly deficient response to Defendant's Requests for Production of Documents. Plaintiff shall also execute and serve authorizations for Defendant to obtain her employment records since she was terminated from employment with Defendant in June 2019, and authorizations for Defendant to obtain her medical records from service providers she has seen from June 2014 through the present. Plaintiff shall execute such authorizations without redaction, modification, or limitation. Plaintiff shall do this within 21 days of the issuance of this Order.

Defendant also asks the Court to award reasonable attorneys' fees and costs incurred in bringing this motion or, in the alternative, dismiss this matter pursuant to Federal Rules of Civil Procedure 37 and 41. (Def.'s Mem. in Supp. at 11, 11 n.4.) The Court has previously put Plaintiff on notice that "further lack of response or failure to litigate this matter could subject her to sanctions, including but not limited to monetary sanctions." (Prior Order at 4; *see also id.* (ordering that failure to comply could subject the non-complying party to "any and all appropriate remedies, sanctions and the like.").)

The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260
15

(8th Cir. 1997). The Eight Circuit has "repeatedly stressed that the sanction imposed by the district court must be proportionate to the litigant's transgression and that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (quotations omitted). Rule 37(b)(2)(A) grants the Court the authority to order sanctions if a party "fails to obey an order to provide or permit discovery." Among other sanctions, the Court may order the payment of expenses incurred by the failure to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(C). The Court thus sanctions Plaintiff and shall order her to pay 75 dollars to Defendant as reasonable expenses caused by her failure to timely serve discovery responses.[9]

The Court has also warned Plaintiff in its January 26, 2021 Order that lack of discovery compliance could subject her to dismissal of this matter. (*See* Prior Order at 4.) The Court may dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b); *see also Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). The Court does not recommend dismissal of Plaintiff's action in this Order. The Court advises Plaintiff, however, that if she fails to comply with any provisions of this Order, prior Orders, or any applicable rule or law, the Court will recommend this action's dismissal. *See also* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 37(b)(2)(A)(v).

---

[9] Because the Court grants this motion in part and denies this motion in part, it denies Defendant's request for attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

### B. Request to Extend Discovery Deadlines

Because Plaintiff has failed to respond adequately to Defendant's discovery requests, Defendant also requests modification of the Pretrial Scheduling Order to allow it to complete fact discovery after Plaintiff fully responds. (Def.'s Mem. in Supp. at 11-12.) Defendant requests that this extension of the fact discovery deadline not be extended to Plaintiff as she "has failed to meaningfully participate in this lawsuit, did not serve any written discovery requests, or request any depositions" and "should not be allowed to benefit from any extension in light of her actions." (*Id.* at 12 n.6.)

Rule 16(b) provides that the scheduling order set by a court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines."). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quotation omitted). "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

Defendant has shown good cause to modify the Pretrial scheduling Order and the Court finds that Plaintiff would not be prejudiced by this modification. The Court will extend the fact discovery deadline to allow Defendants to review discovery and depose Plaintiff. The Court denies Defendant's request to exclude Plaintiff from this extension.

# III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant National Vision, Inc.'s Motion to Compel Discovery and Extend its Discovery Deadlines (ECF No. 33) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Within 21 days of the date of this Order, Plaintiff shall serve Initial Disclosures and answers to Defendant's Interrogatories.

    b. Within 21 days of the date of this Order, Plaintiff shall supplement her responses to Defendant's Requests for Production of Documents.

    c. Within 21 days of the date of this Order, Plaintiff shall authorize the release of her employment records after June 18, 2019 without redaction, modification, or limitation.

    d. Within 21 days of the date of this Order, Plaintiff shall authorize the release of her medical records from June 15, 2014 to present without redaction, modification, or limitation.

    e. Plaintiff shall pay Defendant $75 representing reasonable expenses caused by her failure to timely serve discovery responses.

    f. Defendant's request for attorneys' fees is denied.

2. An Amended Pretrial Scheduling Order shall issue.

3. All prior consistent orders remain in full force and effect.

[continued on next page]

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: June  8 , 2021

       *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Breedlove v. Consol. Vision Grp., Inc., et al.*
Case No. 20-cv-916 (DWF/TNL)