UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sheree Renee Breedlove, | Case No. 20-cv-916 (DWF/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Consolidated Vision Group, Inc., d/b/a America's Best Contacts & Eyeglasses, National Vision, Inc., and L. Reade Fahs, | |
| Defendants. | |

Sheree Renee Breedlove, 1314 44th Avenue North, Apartment 521, Minneapolis, MN 55412 (pro se Plaintiff); and

Brent D. Kettelkamp and Cynthia A. Bremer, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402 (for Defendants).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on National Vision, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 43.) This motion has been referred to the undersigned for a report and recommendation to the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons that follow, the Court recommends that the motion be granted and the matter be dismissed with prejudice.

1

## II.  BACKGROUND

Plaintiff filed this employment discrimination suit in state district court in Hennepin County, Minnesota in March of 2020. (Compl., ECF No. 1-1.)  Defendant[1] removed the case to federal court on April 10, 2020. (ECF No. 1.)  Despite its best efforts, Defendant has received almost no discovery from Plaintiff since the commencement of the case.  (*See* June 9, 2021 Order ("June Order") at 1-2, ECF No. 41.)

The first Pretrial Scheduling Order set the Initial Disclosures deadline for July 1, 2020, and the fact discovery deadline for February 1, 2021. (Pretrial Scheduling Order ¶ 1, ECF No. 13.)  Defendant filed its first motion to compel in December 2020, after Plaintiff failed to respond to Defendant's written discovery requests. (Def.'s First Mot. to Compel, ECF No. 22.)  Plaintiff provided no written response to this motion.  (*See* Jan. 26, 2021 Order ("January Order") at 4, ECF No. 32.)  A hearing on the first motion to compel was held on December 21, 2020.  (ECF No. 31.)  At the hearing, Plaintiff agreed to respond to the written discovery requests by January 8, 2021. (*Id.*)  The Court ordered Plaintiff to serve her Initial Disclosures and respond to Defendant's Interrogatories, Requests for Production of Documents, and Requests for Authorizations no later than February 1, 2021. (January Order at 4.)   The January Order also memorialized Plaintiff's agreement to respond to Defendant's discovery requests:

> Plaintiff technically did not oppose Defendant's motion. Instead, she stated she was having trouble with the Court's electronic filing system, noted general difficulties with responding to the requests, and lodged general disagreements

---

[1] Defendant is the surviving entity of two merged entities listed as defendants in Plaintiff's Complaint: Consolidated Vision Group, Inc. and National Vision, Inc. (ECF No. 43 at 1 n.1.)  Defendant also seeks dismissal of defendant L. Reade Fahs, the CEO of National Vision, Inc., whom, according to Defendant, has not been properly served. (*Id.*)

> with responding to some of the requests. At the conclusion of the hearing, however, Plaintiff reaffirmed her commitment to answering Defendant's discovery requests and stated she would do so on or before January 8, 2021.

(*Id.* at 3.) Finally, both during the hearing and in its January Order, the Court emphasized that "neither [the Court] nor Defendants are responsible for litigating this case on Plaintiff's behalf." (*Id.*) It further cautioned Plaintiff that "lack of response" or failure to litigate her case "could subject her to sanctions, including but not limited to monetary sanctions and/or dismissal of this case." (*Id.* at 4.)

Plaintiff provided some discovery responses on January 8, 2021, but Defendant found these responses insufficient for several reasons. (*See* Exs. E & F to First Kettelkamp Decl., ECF No. 36-1 at 33-62; Def.'s Mem. in Supp. of Second Mot. to Compel at 1, ECF No. 35.) Defendant filed a second motion to compel on February 1, 2021. (Def.'s Second Mot. to Compel, ECF No. 33.) Prior to filing the motion, Defendant attempted to meet and confer with Plaintiff to discuss these outstanding discovery disputes but was unable to reach her. (ECF No. 37 at 1.) Plaintiff again failed to provide any written response to Defendant's motion. (June Order at 4.)

On June 9, 2021, the Court issued an order on the second motion and agreed that Plaintiff's responses were insufficient. (June Order at 5.) The Court nevertheless gave Plaintiff another chance to respond properly to Defendant's discovery requests. It ordered her to serve Initial Disclosures, answer Defendant's Interrogatories, supplement her responses to Defendant's Requests for Production of Documents, and sign Requests for Authorizations "within 21 days," or on or before June 30, 2021. (*Id.* at 18.) The Court

3

also warned Plaintiff that it was the third and final time it would instruct her that her pro se status did not relieve her of her obligation to comply with court orders and the Federal Rules of Civil Procedure. (*Id.* at 14.) Lastly, the Court issued an Amended Pretrial Scheduling Order, which detailed that Plaintiff's Initial Disclosures were to be completed on or before June 30, 2021, and fact discovery was to be commenced in time to be completed on or before September 1, 2021. (Am. Pretrial Scheduling Order ¶ 1, ECF No. 42.)

June 30, 2021 passed without Plaintiff's compliance. (*See* Def.'s Mem. in Supp. of Mot. to Dismiss (hereinafter "Mem. in Supp.") at 3, ECF No. 45.) Plaintiff did not contact Defendant to request an extension, explain her delay, or propose a new date to comply with the June Order or the Amended Pretrial Scheduling Order.[2] (Second Kettelkamp Decl. ¶ 2, ECF No. 46.)

In early August, the parties met and conferred regarding the still-outstanding discovery requests. (ECF No. 47; *see also* Second Kettelkamp Decl. ¶ 2.) In their meeting, Plaintiff stated that she needed to attend to a death in her family. (Second Kettelkamp Decl. ¶ 3.) Despite repeated failures to respond to discovery requests and Court orders, Defendant gave Plaintiff one final opportunity to serve her written discovery. On August 4, 2021, Defendant told Plaintiff that if she did not comply with the June Order by August 13, it would file a motion to dismiss. (*Id.* ¶ 5.) Plaintiff did not respond to that correspondence or object to the August 13 deadline set by Defendant. (*Id.* ¶ 6.)

---

[2] Likewise, Plaintiff did not contact the Court to request an extension, explain her delay, or propose a new date for her compliance.

4

On August 13, 2021, Defendant filed the motion before the Court, arguing that dismissal with prejudice is warranted under Federal Rules of Civil Procedure 16(f), 37, and 41(b). (Mot. to Dismiss, ECF No. 43; Def.'s Mem. in Supp. at 2.) The Court issued a briefing order, setting September 9, 2021 as Plaintiff's deadline to respond. (ECF No. 50.) Plaintiff did not file a response to the motion. (*See* Def.'s Reply Br., ECF No. 51.)

### III.   ANALYSIS

Defendant asks this Court to dismiss this matter pursuant to Federal Rules of Civil Procedure 16(f), 37, and 41(b). (Mot. to Dismiss at 1; Def.'s Mem. in Supp. at 2.) Federal Rules of Civil Procedure 16(f), 37, and 41(b) provide courts with the discretion to dismiss an action for failure to comply with court orders and the Federal Rules of Civil Procedure. The district court has "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). The Eighth Circuit has repeatedly stressed that the sanction imposed by the district court must be *proportionate* to the litigant's transgression and that dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (emphasis in original) (quotations omitted).

#### A. Rule 16(f) and Rule 37

Rule 16(f) allows a court to "issue any just order" if a party fails to obey a scheduling order or any other pretrial order. Fed. R. Civ. P. 16(f)(1). This includes ordering sanctions authorized by Rule 37. *See id.*

Under Rule 37, if a party "fails to obey an order to provide or permit discovery," a court may issue an order that includes the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). "A court's discretion to issue Rule 37 sanctions is bounded by the requirement of Rule 37(b)(2) that the sanction be just and relate to the claim at issue in the order to provide discovery." *Owens v. Linn Companies*, No. 16-cv-776 (WMW/TNL), 2017 WL 2304260, at *11 (D. Minn. Apr. 17, 2017) (quotations omitted), *report and recommendation adopted*, 2017 WL 2304210 (D. Minn. May 25, 2017), *aff'd*, 720 Fed. App'x 816 (8th Cir. May 1, 2018).

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). Dismissal "is among the harshest of sanctions, and 'there is a strong policy in favor of deciding a case on its merits, and against depriving a party of [her] day in court.'" *Id.* at 898 (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.3d 1016, 1020 (8th Cir. 1975)). Nevertheless, "dismissal is within the range of acceptable sanctions." *Owens*, 2017 WL 2304260, at *11. "When the facts show willfulness and bad faith, the district court need not investigate the propriety of a less extreme sanction." *Id.* (citing *Hariston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002)).

### B. Rule 41(b)

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). And, "[u]nless the dismissal order states otherwise . . . [it] operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Dismissal under Rule 41(b) may be appropriate without a finding that the party acted in bad faith if a plaintiff has 'acted intentionally as opposed to accidentally or involuntarily.'" *Owens*, 2017 WL 2304260, at *12 (quoting *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005)) (additional citations omitted). And while "dismissal with prejudice is a drastic remedy" it is nevertheless warranted when there is "a pattern of intentional delay

by the plaintiff." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). In determining whether a court abused its discretion in dismissing a matter under Rule 41(b), the reviewing court "employs a balancing test that focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Smith*, 526 F.3d at 405.

### C. Discussion

In this case, the Court concludes that dismissal of this lawsuit is appropriate under Rules 16(f), 37, and 41(b).

As an initial matter, "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 938 (8th Cir. 2000). The Court has repeatedly reminded Plaintiff that her pro se status does not relieve her of her obligation to follow rules, laws, and court orders. (*See* ECF No. 20 at 2; January Order at 3; June Order at 14.)

By failing to serve her Initial Disclosures or provide her answers to Defendant's written discovery requests, Plaintiff has violated the Pretrial Scheduling Order, the January Order, the June Order, the Amended Pretrial Scheduling Order, and the Federal Rules of Civil Procedure. The Court uses as an example Plaintiff's failure to abide by orders which required her to serve her Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The Pretrial Scheduling Order dictated that Plaintiff was to complete her Initial Disclosures on or before July 1, 2020. (Pretrial Scheduling Order ¶ 1(a).) When that date passed, Defendant filed its first motion to compel, and the Court ordered Plaintiff to serve

her Initial Disclosures no later than February 1, 2021. (January Order at 4.) That date also passed, and Defendant again moved to compel Plaintiff to comply with court orders and the Federal Rules of Civil Procedure. The Court then issued two orders giving Plaintiff until June 30, 2021, to serve these disclosures. (June Order at 18; Am. Pretrial Scheduling Order ¶ 1(a).) Thus, despite being given numerous opportunities to comply with the rules of discovery, Plaintiff repeatedly violated court orders which gave deadlines for her to serve her Initial Disclosures.

This is but one example of Plaintiff's noncompliance with court orders. As of the date of this Report and Recommendation, she has failed to answer Defendant's Interrogatories, supplement her responses to Defendant's Requests for Production of Documents, or to provide appropriately tailored employment and medical releases in violation of the Court's order on Defendant's second motion to compel.[3] (June Order at 14 (setting June 30, 2021 as the deadline to complete this discovery).)

Plaintiff's failure to abide by the Court's orders subjects her to sanctions under Rules 16(f) and 37. And, here, all of three elements to justify dismissal under Rule 37 are met.[4] *See Sentis Grp.*, 559 F.3d at 899. First, as stated above, the Court has issued multiple orders compelling Plaintiff to respond to Defendant's discovery requests. Each of the orders specifically referenced the possible sanctions for violating the order. Second,

---

[3] Plaintiff's failure to respond to the numerous written discovery requests also violates the Federal Rules of Civil Procedure. Her continued failure to serve timely responses to Defendant's written discovery requests is well outside of the 30 days prescribed by those rules. *See* Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production of documents).

[4] Because Rule 16 sanctions directly reference Rule 37 sanctions, the Court looks to Rule 37 in order to determine whether or not dismissal is appropriate in this instance.

9

Plaintiff willfully violated these orders notwithstanding the Court and Defendant's attempts to allow Plaintiff to respond adequately to Defendant's discovery requests. (*See, e.g.*, January Order at 2-4 (detailing Defendant's attempts to facilitate Plaintiff's responses to its written discovery requests and ordering that Plaintiff could have extra time to respond); June Order at 15-16, 18 (declining Defendant's request to recommend dismissal of this action for continued discovery violations and giving Plaintiff additional time to adequately respond to the same discovery requests); Second Kettelkamp Decl. ¶¶ 2-5 (giving Plaintiff additional time to respond to same written discovery requests notwithstanding the deadlines outlined in the June Order and Amended Pretrial Scheduling Order).)

Stated plainly, Plaintiff filed this case over 18 months ago, has continuously failed to meet her basic discovery obligations as ordered by the Court, and has not provided any reasonable explanation for her failure to comply with these orders.[5] Lastly, considering the legal fees and time spent by Defendant attempting to litigate the case, Defendant has been prejudiced by Plaintiff's conduct. Plaintiff has provided almost no discovery to Defendant, depriving Defendant of any substantive ability to investigate Plaintiff's claims or to test this case. *See Owens*, 2017 WL 2304260, at *14. The Court will thus recommend dismissal pursuant to Rules 16(f) and 37.

The Court also recommends dismissal pursuant to Rule 41(b). The Court repeatedly warned Plaintiff that failure to comply with its orders could result in the

---

[5] Plaintiff informed Defendant she was dealing with a loss in her family this past summer. (Second Kettelkamp Decl. ¶ 3.) This information was never brought to the attention to the Court, and the totality of Plaintiff's actions or lack thereof outweigh this unfortunate circumstance.

10

dismissal of her lawsuit. (Pretrial Scheduling Order ¶ 8(b); January Order at 4; June Order at 16; Am. Pretrial Scheduling Order ¶ 8(b).) The Court made its position clear in the June Order, writing, "if Plaintiff fails to comply with any provisions of this Order, prior Orders, or any applicable rule or law, the Court will recommend this action's dismissal." (June Order at 16 (citations omitted).) Plaintiff has not provided a written response to Defendant's motion. Nor has she provided the Court with a reason why she has failed to comply with the Court's numerous orders and the Federal Rules of Civil Procedure. Given this lack of communication with the Court, as well as Plaintiff's repeated willful violations of rules and orders, the Court finds that dismissal is warranted as a proportional sanction to Plaintiff's conduct. *Smith*, 526 F.3d at 405.

Defendant grounds its request for relief pursuant to Rule 41(b) in Plaintiff's lack of compliance with this Court's prior orders. The Court also finds that dismissal is warranted for Plaintiff's failure to prosecute this case. A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citation omitted).

In *Hill v. RS Eden*, No. 19-cv-1368 (MJD/TNL), 2020 WL 3001835 (D. Minn. May 1, 2020), *report and recommendation adopted sub nom. Hill v. Eden*, 2020 WL 2992460 (D. Minn. June 4, 2020), this Court recommended a case be dismissed for the plaintiff's failure to prosecute. In *Hill*, the plaintiff failed to participate in her lawsuit "in any meaningful way." *Id.* at *2. The Court found the plaintiff failed to: (1) respond to discovery or serve initial disclosures; (2) respond to the defendant's motions; (3) appear at any of the hearings; and (4) provide the Court with her current address. *Id.* Under those

11

circumstances, the Court determined dismissal of the lawsuit with prejudice for failure to prosecute was appropriate. *Id.*

Similar to *Hill*, Plaintiff in this case has failed to provide almost any discovery to Defendant, including her Initial Disclosures. In addition, she has failed to respond formally to the motions to compel and the motion to dismiss currently before the Court. In sum, dismissal is also warranted under Rule 41(b) due to Plaintiff's failure to prosecute.

This leaves how the dismissal shall be put into effect. Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court understands that dismissal with prejudice "is an extreme sanction." *Givens*, 751 F.2d at 263. Nevertheless, it finds dismissal with prejudice appropriate in this case. On numerous occasions, the Court has warned Plaintiff of the consequences of failing to comply with its orders. Plaintiff's failure to adhere to court orders, participate in discovery, and to respond to Defendant's motions are repetitive and come without a proper explanation.

As a result, the Court and Defendant have spent a considerable amount of time and resources attempting to address Plaintiff's claims to no avail. A less severe sanction would not remedy the effect of Plaintiff's willful violations of the Court's orders and the prejudice faced by Defendant. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). Therefore, because Plaintiff has persistently failed to adhere to the Court's orders and to prosecute her Complaint, the Court recommends this case be dismissed with prejudice.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 43) be **GRANTED**,

the matter be **DISMISSED WITH PREJUDICE,** and that judgment be entered accordingly.

Dated: November  30 , 2021

                                   *s/Tony N. Leung*
                               Tony N. Leung
                               United States Magistrate Judge
                               District of Minnesota

                               *Breedlove v. Consol. Vision Grp. Inc., et al*
                               Case No. 20-cv-916 (DWF/TNL)

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).